UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROGER DALE LANGFORD,<br><br>Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et. al.<br><br>Defendants | Case No.: 3:20-cv-00014-JAD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Jennifer A. Dorsey, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

## I. BACKGROUND

In case 3:19-cv-00155-MMD-WGC, Nevada Department of Corrections (NDOC) inmate Justin Odell Langford, proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 that purported to be on behalf of himself and his father, Roger Dale Langford, who is not a prisoner. In that case, the court informed both Justin Odell Langford and Roger Dale Langford that Justin Odell Langford has no authority to represent anyone other than himself, and that he could not represent his father, Roger Dale Langford. (3:19-cv-00155-MMD-WGC, ECF Nos. 6, 7.) The court also informed Roger Dale Langford that if he wished to pursue a legal action, he must file his own complaint and either pay the filing fee or file an application to proceed IFP for a non-prisoner.

Roger Dale Langford subsequently filed a complaint and application to proceed IFP for a non-prisoner in the same case—3:19-cv-00155-MMD-WGC. (3:19-cv-00155-MMD-WGC, ECF

Nos. 17, 18.) Justin Odell Langford also filed a document challenging the court's ruling that he may not represent his father and asked for reinstatement of the original complaint. (3:19-cv-00155-MMD-WGC, ECF No. 9.) The court explained that pro se litigants have no authority to represent anyone other than themselves, citing *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). The court ruled again that Justin Odell Langford could not represent Roger Dale Langford. The court instructed the Clerk of the Court to open a new case for Roger Dale Langford and transfer his application to proceed in forma pauperis and his first amended complaint to the new case. (ECF No. 3:19-cv-00155-MMD-WGC, ECF No. 21.) The 3:19-cv-00155-MMD-WGC case was ultimately dismissed without prejudice because Justin Odell Langford failed to comply with the court's order to file a signed complaint.

This action—3:20-cv-00014-JAD-WGC—is the new case the Clerk of the Court opened for Roger Dale Langford. The court will now address the IFP application and will screen the pro se complaint.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Roger Dale Langford sues NDOC Director James Dzurenda, Lovelock Correctional Center (LCC) Warden Renee Baker, NDOC Deputy Director H. Wickham, and unidentified LCC law library staff. He alleges that LCC's law library staff did not process legal mail properly in violation of his civil rights. Specifically, Roger Dale Langford avers that on November 15, 2018, he sent three envelopes to Justin Odell Langford (his son and inmate within NDOC). He states that they were labeled as legal mail. LCC law library personnel marked the envelopes as

"not legal mail," opened, and searched the envelopes. Then, on November 23, 2018, Roger Dale Langford sent another envelope labeled legal mail to Justin Odell Langford. The envelopes identified Roger Dale Langford as "power of attorney," and alleges that this means he was Justin Odell Langford's attorney. The mailroom forwarded it to the LCC law library staff who marked the envelopes as "not legal mail," opened and searched them. He attaches as exhibits copies of some of the envelopes which list Roger Langford in the return address space followed by the title "Power of Attorney" and his address. He also includes as exhibits power of attorney forms executed by Justin Odell Langford designating Roger Dale Langford as his "Attorney-in-Fact."

"A prison is no ordinary gated community. It's a tough place. Corrections officials obviously have good reason to be on the lookout for contraband, escape plans, and other mischief that could jeopardize institutional security. Officials likewise have every right to *inspect* an inmate's outgoing legal mail for such suspicious features as maps of the prison yard, the times of guards' shift changes, and the like." *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). "But *inspecting* letters and *reading* them are two different things[.]" *Id*. "What prison officials don't have the right to do is read *a confidential letter from an inmate to his lawyer*." *Id*. (emphasis added). "This is because it is highly likely that a prisoner would not feel free to confide in his lawyer such things as incriminating or intimate personal information—as is his Sixth Amendment right to do—if he knows that the guards are reading his mail." *Id*.

The problem with Plaintiff's complaint is that Justin Odell Langford's act of appointing his father (and the plaintiff in this case), Roger Dale Langford, as an attorney in fact in a power of attorney does not transform Roger Dale Langford into an attorney licensed to practice law in

5

the State of Nevada[1], so as to give rise to an attorney-client relationship and attendant benefits of attorney-client confidentiality and privilege and the rights afforded prisoners with respect to legal mail. Instead, a power of attorney is a document where one adult gives another adult legal permission to act on his or her behalf. The person appointed as the "attorney inf act" steps into the shoes of the grantor for decisions that the grantor has authorized that person to make. Nev. Rev. Stat. 162A.010, *et. seq*. Therefore, this is not a case where prison staff were opening or reading a confidential letter from an inmate to his attorney or vice versa.

There is also a question as to whether Roger Dale Langford, who is *not* an inmate, has standing to assert a First Amendment claim premised on the improper opening of legal mail. Even assuming he does have standing, the mail at issue was not protected legal mail; therefore, this action should be dismissed. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (citation omitted) (finding district court properly dismissed two counts of alleged improper mail opening where the plaintiff did not plausibly allege that the item opened was protected legal mail). Since amendment would be futile, the dismissal should be with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

---

[1] The court takes judicial notice of the fact that Roger Dale Langford is not identified as a licensed attorney in the State Jof Nevada on the State Bar of Nevada's website, nvbar.org.

(3) The action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 23, 2020

_William G. Cobb_
William G. Cobb
United States Magistrate Judge