# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Roger Dale Langford, | Case No.: 3:20-cv-00014-JAD-WGC |
| Plaintiff | |
| v. | **Order Overruling Objections, Adopting Magistrate Judge's Recommendation to Dismiss Action, and Closing the Case** |
| James Dzurenda et al., | |
| Defendants | [ECF Nos. 1, 3, 4] |

Pro se plaintiff Roger Dale Langford sues employees of the Nevada Department of Corrections (NDOC) and the Lovelock Correctional Center (LCC) under 42 U.S.C. § 1983, claiming that they violated his constitutional rights by opening mail that he sent to his son in prison. Langford contends that this mail should have been treated as legal mail, opened only in his prisoner-son's presence, because Langford was his son's attorney-in-fact.[1] Magistrate Judge William G. Cobb screened this filing under 28 U.S.C. § 1915 and recommends that I dismiss it because Langford fails to state a claim upon which relief may be granted.[2] Langford objects, arguing that under the NDOC's power-of-attorney form, he is his son's attorney, so any mail he sent to his son was "legal mail."[3] Having reviewed the magistrate judge's report and recommendation and Langford's objection de novo, I reach the same conclusion as the magistrate judge. So I dismiss this action without leave to amend because the reality that

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 3 (report and recommendation).

[3] ECF No. 4 (objection).

Langford is not an attorney-at-law or legal representative means that his mail to his son was not true legal mail.

## Background

Although Langford's son, Justin, was allegedly incarcerated in 2019, Langford was not.[4] Langford claims that Justin made Langford his attorney-in-fact when he filled out a power of attorney and granted Langford the authority to act on his behalf.[5]  Langford alleges that, on two occasions, he sent mail to Justin marked as "legal mail," which should not have been opened outside of Justin's presence.[6]  On November 15, 2019, he allegedly sent Justin three items that the Lovelock Correctional Center's law library determined were general correspondence, so those items were screened outside of Justin's presence.[7]  Later that month, he sent Justin another envelope, which Lanford alleges was again opened and screened without Justin.[8]  On each mail piece, Langford contends that he noted "power of attorney" in the return address.[9]

Langford now sues NDOC Director James Dzurenda, LCC Warden Renee Baker, NDOC Deputy Director H. Wickham, and unnamed Lovelock Law Library staff under § 1983 for violating his First, Fourth, Fifth, and Fourteenth Amendment rights.[10]  Magistrate Judge Cobb

---

[4] *See* ECF No. 1-1 at 4, 8 (noting on the pre-printed form that he was not required to exhaust administrative remedies because he is not an inmate).

[5] *Id.* at 4.

[6] *Id.* at 4, 5.

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.* at 4, 5.

[10] *Id.*  Justin initially sued on behalf of himself and Langford in No. 3:19-cv-00155-MMD-WGC. Judge Cobb ordered that Justin could not represent Langford in the matter and that Langford would have to initiate his own suit.  *Langford v. Dzurenda et al.*, No. 3:19-cv-00155-MMD-WGC, ECF No. 21 at 2.

screened Langford's complaint and his application to proceed *in forma pauperis* under 28 U.S.C. § 1915, and recommends that I grant pauper status and dismiss Langford's claims because Langford is not an attorney and his correspondence with Justin is not "legal mail."[11]  Langford objects to Judge Cobb's recommendation, arguing that the LCC power-of-attorney form indicates that he is Justin's attorney.[12]

## Discussion

### I.   Standard of review

When a party objects to a magistrate judge's recommendations on a dispositive issue, the district court must review the challenged findings and recommendations de novo.[13]  Upon review, "the district judge may affirm, reverse, or modify, in whole or in part" the report and recommendations.[14]  If a complaint fails to state a claim on which relief may be granted, the court may dismiss it at any time.[15]  This standard "is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."[16]  So, a complaint must "contain enough facts to state a claim to relief that is plausible on its face."[17]

### II.   Langford's complaint fails to state a claim for which relief may be granted.

Each of the defendants' alleged constitutional violations stems from Langford's misguided theory that he is Justin's attorney because he is his attorney-in-fact.  While a non-

---

[11] ECF No. 3 (report and recommendation).

[12] ECF No. 4 at 3.

[13] 28 U.S.C. § 636(b)(1)(C).

[14] L.R. IB 3-2(b).

[15] 28 U.S.C. § 1915(e)(2)(B)(ii).

[16] *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (internal quotation marks and citation omitted).

prisoner has a right to send mail to prisoners, this right is not unrestricted.[18]  And non-legal mail cannot form the basis for a claim that the mail was impermissibly opened outside of the prisoner's presence.[19]

Under AR 722, which lays out NDOC's mail policy for legal access, incoming mail only qualifies as legal mail when "the envelope clearly identifies an attorney, legal representative, or other privileged correspondent in the return address."[20]  According to Langford, his status as Justin's attorney-in-fact qualifies him as such an attorney.  While I appreciate Langford's creative argument, he cannot state a claim for relief on this basis.  In Nevada, a power of attorney is "a writing or other record that grants authority to an agent to act in the place of the principal."[21]  But granting another party authority to act on your behalf does not make that person your attorney-at-law.  Under NRS 7.285, a person must be "an active member of the State Bar of Nevada or otherwise authorized to practice law in [Nevada]" to be a true attorney.[22]  Although Langford may be Justin's attorney-in-fact and authorized to act on his behalf, he is not his attorney-at-law, so he cannot state a claim for relief for the prison opening the mail outside of Justin's presence.

Langford is also not Justin's legal representative.  AR 722 requires legal representatives to show "evidence that they are members of a state bar" to visit inmates.[23]  Because Langford

---

[18] *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989).

[19] *See Hayes*, 847 F.3d at 1211.

[20] AR 722.09(5).

[21] Nev. Rev. Stat. § 162A.090.

[22] *Id.* at § 7.285.

[23] AR 722.06(1)(B).

does not allege that he is a member of a state bar, he also cannot state a claim for relief on this basis.

Finally, Langford theorizes that by opening the mail outside of Justin's presence, the defendants interfered with his right to contract and his due-process rights.[24]  It is unclear what contract right this interfered with.  Nonetheless, just because the prison opened Langford's letters to Justin outside of his presence does not invalidate a contract between Langford and his son. While Langford is not Justin's attorney-at-law, he can still be his attorney-in-fact, even if the prison opens their mail.  Thus, Langford cannot state a plausible claim for interfering with this agreement and I dismiss his claim with prejudice because amendment would be futile.[25]

## Conclusion

IT IS THEREFORE ORDERED that Langford's objection to the magistrate judge's recommendation that I dismiss his claim with prejudice **[ECF No. 4] is OVERRULED**, and the magistrate judge's recommendation **[ECF No. 3] is ADOPTED**.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis*  without having to prepay the filing fee **[ECF No. 1] is GRANTED**.[26]  Plaintiff need not pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but he is still obligated to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended, even though this case is being dismissed.  It is further ordered that this *in forma pauperis* status should not continue on appeal because reasonable jurists would not disagree with this conclusion.

---

[24] ECF No. 1-1 at 4.

[25] *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

[26] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

1    IT IS FURTHER ORDERED that this action **is DISMISSED with prejudice.**  The Clerk

2  of Court is directed to **FILE THE COMPLAINT [ECF No. 1-1], ENTER JUDGMENT**

3  accordingly, and **CLOSE THIS CASE**.

4

5                                                                    _____

                                                                    U.S. District Judge Jennifer A. Dorsey

6                                                                                September 26, 2020

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23